UNITED STATES DISTRICT COURT  JS-6 REMAND
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. **2:20-cv-07549-DMG-AFMx**　　　　　　　　　Date: August 26, 2020

Title　**Magnum Property Investments, LLC v. Martha Clotilde Allen and Does 1 to 10**

Present: The Honorable:　DOLLY M. GEE, U.S. DISTRICT JUDGE

| Kane G. Tien | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers)　　ORDER REMANDING MATTER TO STATE COURT**

　　On February 24, 2020, Magnum Property Investments, LLC ("Plaintiff") instituted unlawful detainer proceedings against Martha Clotilde Allen and Does 1 to 10 (Occupants in Possession) ("Defendants") in state court. Defendants have continued in unlawful possession of the property located at 310 W. 121st Street, Los Angeles, CA 90061 (the "Property") that was acquired by Plaintiff at a trustee's sale. Defendants have remained in possession of the Property and on February 8, 2020, Plaintiff served Defendants with a three-day notice to quit. Plaintiff filed its unlawful detainer complaint in state court after Defendants failed to comply with the notice to quit. Plaintiff estimates the fair rental value of the Property as $70.00 per day. Defendant Liberace H. Cruzuee removed the action to this Court on August 20, 2020. The Notice of Removal asserts federal question jurisdiction in this Court and refers to "the construction of the Pooling and Service Agreement of the Plaintiff, which has not been construed by any court of law, state or federal" (Removal, at ¶ 9), and diversity jurisdiction (Removal, at ¶¶ 3, 5; Civil Cover Sheet at 1).

　　Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:20-cv-07549-DMG-AFMx**                                    Date: August 26, 2020

Title     **Magnum Property Investments, LLC v. Martha Clotilde Allen and Does 1 to 10**

792 F.2d 925, 927 (9th Cir. 1986).  Further a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

      First, it is clear from the face of the Complaint that there is no diversity jurisdiction under 28 U.S.C. § 1332.  The Civil Cover Sheet does indicate the citizenship of the parties, but even if Defendant could establish diversity, the amount in controversy is alleged to be below $10,000 (Complaint at 1) – well below the statutory threshold of $75,000.  Defendant has not plausibly alleged that the amount in controversy requirement has been met.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).  The Complaint specifically asserts a claim for ongoing damages at a rate of $70.00 per day.  Defendant has made no plausible allegations showing how those damages would exceed $75,000.  Moreover, Defendant cannot justify diversity jurisdiction based on the alleged value of a yet-to-be asserted counterclaim.  *See Frantz v. Midland Corporate Tax Credit III Limited Partnership*, 2014 WL 4656475 at *2 (D. Id. 2014) (counterclaims cannot be used to satisfy the amount in controversy requirement to establish removal jurisdiction); *Franklin v. Car Financial Services, Inc.*, 2009 WL 3762687 at *2 (S.D. Cal. 2009) (same).

      Second, subject matter jurisdiction exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim. (Complaint at 1.)  There is no federal question jurisdiction even if there is a federal defense – under 12 U.S.C. § 3708 and its implementing regulations, or otherwise – to a claim arising under state law.  *See Caterpillar, Inc.*, 482 U.S. at 392-93.  This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint.

      The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc:  Pro Se Defendant